SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Nikita Osolodkin as Next Friend of Alena Churina,<br><br>Petitioner,<br><br>v.<br><br>Eloy Detention Center Warden, et al,<br><br>Respondents. | No. CV-26-00448-PHX-DJH (JZB)<br><br>**ORDER** |

On January 26, 2026, Nikita Osolodkin, proceeding pro se, filed a "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion for Temporary Restraining Oder, Preliminary Injunction, and Stay of Removal" (Doc. 2), as next friend of his spouse, Alena Churina (hereafter "Petitioner"). Osolodkin alleges that Petitioner has been detained at the Eloy Detention Center since August 18, 2025.

**I.      Petition**

Allegations and documents attached to the Petition reflect the following:

Petitioner was born in Russia. On February 15, 2024, a final order of removal was entered against Petitioner following a hearing held in absentia in Kansas City, Missouri.[1] Osolodkin alleges that Petitioner never received meaningful notice of the hearing, as she did not understand English, was not provided a translation, and was unaware of the nature or consequences of the document that she signed, and Osolodkin denies that he ever

---

[1] The Petition states that Petitioner has never lived in Missouri.

received such notice. (*Id.* ¶ 4.) Osolodkin alleges that ICE claims that Petitioner signed a notice of entry. Osolodkin asserts that the order of removal violates Petitioner's due process rights where she was not provided meaningful notice and that ICE seeks to execute a legally defective order and deny her bond or a bond hearing.[2] Her husband was granted asylum on December 10, 2025, and filed an I-730 petition on Petitioner's behalf, requesting expedited handling. Osolodkin alleges that Petitioner is his dependent in his USCIS case and that she never had an independent immigration case.[3] (Doc. 1, ¶ 3; *see* Doc. 1-1 at 9.) Weeks prior to her arrest, DHS issued Petitioner a REAL ID following background and status verification, which Osolodkin contends that this demonstrates that DHS records did not reflect that Petitioner had missed any hearing or final order at that time.

Petitioner's motion to reopen the removal proceedings was "completed" on October 3, 2025, and an appeal from the order of removal is pending before the Bureau of Immigration Affairs (BIA). (Doc. 1-1 at 8.) Osolodkin alleges that Petitioner's removal to Russia would expose her to severe harm, due to her political activities, and he seeks her immediate release or, alternatively, a prompt bond hearing.

**II.    Next Friend Status**

Osolodkin filed the § 2241 Petition as "next friend" of Petitioner. Osolodkin alleges that he has a significant relationship to Petitioner based on their marriage. He alleges that she was his dependent in his immigration proceedings. (*See* Doc. 1-1 at 8.)

While a non-attorney may represent himself, he has no authority to appear as an attorney for another. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as attorney for others than himself" (citations omitted)). There is no indication that Osolodkin is an attorney or admitted to practice in this District.

---

[2] It is unclear whether a bond hearing has been held.

[3] Petitioner has no criminal record and denies that she is a flight risk. Osolodkin alleges that immigration officials were always apprised of Petitioner's correct address.

In *rare* circumstances, a third party may, *through counsel*, seek habeas corpus relief on behalf of someone else as a "next friend." *C.E. Pope Equity Tr.,* 818 F.2d at 697. That is, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id*. Indeed, 28 U.S.C § 2242 provides: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." (Emphasis added.) A "next friend" does not become a party to the habeas corpus action, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Osolodkin does not provide an adequate explanation why Petitioner cannot appear on her own behalf to prosecute this habeas corpus action, and her detention does not prevent her from prosecuting a habeas corpus action on her own behalf. He alleges that she does not understand English and is detained. Many habeas corpus petitioners appearing in this Court confront similar issues, but that is not sufficient for next friend standing.[4] Because

---

[4] For example, Osolodkin may be able to locate counsel to appear on Petitioner's behalf pro bono, or at a reduced fee, or he, or another person, could complete a new habeas petition to be signed by Petitioner and filed as a new case on her behalf.

Osolodkin has failed to meet his burden to establish next friend standing, the Court will deny him "next friend" status and will dismiss this Petition and case without prejudice to *Petitioner* commencing a new habeas corpus case by filing a new petition and either paying the $5.00 filing fee or filing an Application to Proceed In Forma Pauperis under 28 U.S.C. § 2241.

As a courtesy to Petitioner, the Court will direct the Clerk of Court to send Osolodkin and *Petitioner* the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis.  If Petitioner commences a new case, she must name as a Respondent the warden of the facility where she is then detained, such as the Warden of the Eloy Detention Center.  *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2002))).

**IT IS ORDERED**:

(1)    The Clerk of Court must modify the docket for this case to reflect that Nikita Osolodkin filed this case as next friend of Alena Churina.[5]

(2)    The Petition (Doc. 1) and the Emergency Motion (Doc. 2) are **denied**, and this action is **dismissed** without prejudice to Petitioner Churina commencing a new habeas corpus case on her own behalf.

(3)    The Clerk of Court must send a copy of this Order and the court-approved forms for filing a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" and an Application to Proceed In Forma Pauperis to asserted next friend Nikita Osolodkin, Doc. 1 at 2, and to *Petitioner* at:
    Alena Churina #A240-268-839
    Eloy Detention Center
    1705 E. Hanna Rd.
    Eloy, AZ  85131

---

[5] The docket lists "Alena Churina next friend of Nikita Osolodkin."

(4)    The Clerk of Court must enter judgment accordingly and close this case.

(5)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2241**
**for Writ of Habeas Corpus by a Person in Federal Custody**
**in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>. If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons. You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence. If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment. Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention. **This form should not be used in death penalty cases.** If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>. **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.** The form must be typed or neatly handwritten. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. You do not need to cite law. If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>. The filing fee for this action is $5.00. If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form. You must have an official at the prison or jail complete the certificate at the bottom of the application form. If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee. LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>. You must send an **original plus one copy** of your petition and of any other document submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten.

6. <u>Where to File</u>. You should **file your petition in the division where you are detained**. *See* LRCiv 5.1(a). If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division. If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division. If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

Revised 3/15/16                                                    1

petition in the Tucson Division.  *See* LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

<div style="margin-left: 2em">

Phoenix & Prescott Divisions:           **OR**           Tucson Division:
U.S. District Court Clerk                                 U.S. District Court Clerk
U.S. Courthouse, Suite 130                               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                       405 West Congress Street
Phoenix, Arizona  85003-2119                             Tucson, Arizona  85701-5010

</div>

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis).  Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

<div style="margin-left: 2em">

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:     _____
Address:_____
         Attorney for Respondent(s)

_____
(Signature)

</div>

9. Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Exhaustion.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)


                    Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person
having custody of Petitioner)

                    Respondent.

**CASE NO**. _____

(To be supplied by the Clerk)


**PETITION UNDER 28 U.S.C. § 2241**
**FOR A WRIT OF HABEAS CORPUS**
**BY A PERSON IN FEDERAL CUSTODY**

### PETITION

1.  What are you challenging in this petition?
    ☐  Immigration detention
    ☐  Bureau of Prisons sentence calculation or loss of good-time credits
    ☐  Probation, parole or supervised release
    ☐  Other (explain): _____
    _____

2.  (a)  Name and location of the agency or court that made the decision you are challenging: _____
    _____

    (b)  Case or opinion number: _____

    (c)  Decision made by the agency or court: _____
    _____
    _____

    (d)  Date of the decision: _____

**530**

3.   Did you appeal the decision to a higher agency or court?    Yes ☐    No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

**GROUND ONE**: _____

_____

_____

_____

_____

_____

   (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   (b)  Did you exhaust all available administrative remedies relating to Ground One?    Yes ☐    No ☐

   (c)  If yes, did you present the issue to:
             ☐ The Board of Immigration Appeals
             ☐ The Office of General Counsel
             ☐ The Parole Commission
             ☐ Other: _____

   (d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐      No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

5

**GROUND THREE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐      No ☐

(c)  If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  Did you exhaust all available administrative remedies relating to Ground Four?    Yes ☐      No ☐

(c)  If yes, did you present the issue to:
☐  The Board of Immigration Appeals
☐  The Office of General Counsel
☐  The Parole Commission
☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____
_____
_____
_____
_____
_____

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐          No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a)   Have you filed a motion under 28 U.S.C. § 2255?       Yes ☐          No ☐

      If yes, answer the following:

      (1)  Name of court: _____

      (2)  Case number: _____

      (3)  Opinion or case number: _____

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____
      _____
      _____
      _____

      **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

   (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
   _____
   _____
   _____
   _____

8.   If this case concerns immigration removal proceedings, answer the following:

   (a)   Date you were taken into immigration custody: _____

   (b)   Date of removal or reinstatement order: _____

   (c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No ☐

      (1)  Date you filed: _____

      (2)  Case number: _____

      (3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)   Did you file an appeal with the federal court of appeals?      Yes ☐        No  ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**

_____                    _____

Signature of attorney, if any                                              Date

9

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

CASE NO. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?    ☐Yes    ☐No
   If "Yes," state the amount of your pay and where you work. _____

   _____

   _____

2. Do you receive any other payments from the institution where you are confined?    ☐Yes    ☐No
   If "Yes," state the source and amount of the payments. _____

   _____

   _____

Revised 3/15/16

1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                      ☐Yes        ☐No

    If "Yes," state the sources and amounts of the income, savings, or assets.    _____

    _____

    _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____

        DATE                                                                    SIGNATURE OF APPLICANT

---

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____ , certify that as of the date applicant signed this application:

        (Printed name of official)

The applicant's trust account balance at this institution is:    $_____ .

_____

DATE              AUTHORIZED SIGNATURE              TITLE/ID NUMBER              INSTITUTION

2